777 F.2d 427
 Scott E. WILSON, Appellant,
v.
Lieutenant General Emmett H. WALKER, Jr.; Major General
Charles M. Kiefner; Brigadier General John R.
Layman; Lieutenant Colonel James H.
Renschen, Appellees.
 No. 85-1124.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1985.
Decided Nov. 19, 1985.
 
 Bernard J. Coogan, Bridgeton, Mo., for appellant.
 Capt. James M. Kinsella, Washington, D.C., for appellees.
 Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 Appellant Scott E. Wilson sued Lt. General Emmett H. Walker, Jr. and several other officers of the Missouri Air National Guard (ANG), alleging that the officers violated his rights protected by the Fifth and Fourteenth Amendments to the United States Constitution when, as a disciplinary measure, they changed his duty assignment from a flying job to a non-flying job. Wilson appeals from the District Court's[1] dismissal of his claim pursuant to a motion for summary judgment, 600 F.Supp 555 (E.D.Mo.1984). We affirm.
 
 
 2
 Wilson is a commissioned officer in the ANG and currently is assigned to serve in Missouri. The present action stems from Wilson's reassignment from flying duty to duty as a supply officer. Wilson's reassignment followed several incidents of disobedience to the directives of superior officers. Wilson contends that his reassignment will result in his loss of career aviator status and the accompanying benefits and that he therefore was entitled to the procedures outlined in Air Force Regulation (AFR) 35-13. Appellees argue that AFR 35-13 applies only when a person is stripped of flying status and that it does not apply when a person is simply reassigned to other duties but retains his flight rating.
 
 
 3
 Wilson concedes that AFR 35-13 does not apply when an officer is transferred to a non-flying position but retains his flight rating. Wilson argues, however, that the appellees really are attempting to deprive him of his flying status and merely reassigned him to circumvent AFR 35-13. He contends, therefore, that he impermissibly has been denied the type of procedures mandated under AFR 35-13 in violation of the due process clauses of the Constitution. We disagree.
 
 
 4
 Our review of AFR 35-13 leads us to conclude that the regulation was not intended to apply in situations like the one before us. Chapter four of the regulation states that when an officer's performance of his flying duties becomes suspect, his qualification to continue flying is subject to complete review. This review is conducted by a Flying Evaluation Board (FEB), which assesses the officer's past performance of rated duties and the relevant aspects of his professional qualifications.[2] Paragraph 4-4 details the circumstances in which an FEB should be convened by a flying unit commander. These circumstances primarily involve situations in which an officer fails to perform his flying duties in a satisfactory manner. The regulation specifically states that "[a]n FEB is not convened instead of disciplinary or other, more appropriate, administrative actions. Incidents that involve fitness or punitive liability make a rated officer liable to the same actions as a nonrated officer." AFR 35-13, p 4-4.g.
 
 
 5
 We note that Wilson retains his qualification as an aviator for a period of five years despite his reassignment. See AFR 35-13, p 3-16. Wilson's superior officers never claimed that Wilson was medically or professionally unqualified to perform his flight duties. To the contrary, as the investigator appointed by appellee Major General Charles Kiefner concluded, Wilson's "defiance of authority" was the primary reason for his reassignment. Thus, Wilson's reassignment was disciplinary in nature. His reassignment was not intended to result in his disqualification from aviation service. In light of the language above in paragraph 4-4.g., indicating that an FEB is not required in the place of disciplinary or administrative actions, and the obvious contemplation of reassignment to non-flight duties in paragraph 3-16, we cannot conclude that the regulation is applicable in the present situation.
 
 
 6
 Wilson further asserts as a general proposition that he has a property interest in his flying status and the accompanying benefits and that his due process rights were violated when he was reassigned to non-flight duties without an opportunity to be heard. In support of this contention, Wilson cites Suro v. Padilla, 441 F.Supp. 14 (D.P.R.1976). In Suro, the district court held that a discharged officer had a property interest in his position with the Puerto Rico National Guard that entitled him to a hearing before he could be separated from the service.
 
 
 7
 We first note that Suro involved a situation in which an officer was discharged from service altogether rather than being reassigned to different duties as in the instant case. Thus, we need not address whether the holding in Suro is correct. Instead, we are faced with the question whether any property interest exists in an officer's assignment to flight duty. We conclude that Wilson has no property interest in his duty assignment.
 
 
 8
 As the District Court properly noted, the Supreme Court has stated that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Court further observed in Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), a companion case to Roth, that "[a] person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." Wilson has not directed us to any statute, regulation, or other source that would establish any claim of entitlement on his part to assignment to flight duties. Wilson's assignment to flight duties created absolutely no entitlement to continued assignment to those duties. Thus, while Wilson may have an earnest wish to retain his flying assignment, he has no property interest in that assignment that would require a hearing before he could be reassigned.
 
 
 9
 Since we have concluded that Wilson has no property interest in his assignment to a flying job, we are left with nothing more to review than Wilson's current duty assignment. Traditional notions of judicial restraint and of the separation of powers require this Court to refrain from interfering in matters such as military duty assignments, both because of our lack of expertise in those areas and because responsibility for such matters is explicitly delegated to the other two coordinate branches of our national government. As the Supreme Court indicated in Orloff v. Willoughby, 345 U.S. 83, 93-94, 73 S.Ct. 534, 539-40, 97 L.Ed. 842 (1953):
 
 
 10
 We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates.... Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service.
 
 
 11
 We find these views entirely apposite in the present case. Viewing Wilson's allegations in the light most favorable to him, we conclude that he has not presented a reviewable claim and "is not entitled to recover under any discernible circumstances." Bellflower v. Pennise, 548 F.2d 776, 777 (8th Cir.1977) (citations omitted). We therefore affirm the order of the District Court granting summary judgment in favor of the defendants and dismissing Wilson's claim.
 
 
 12
 Affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Subsection g of paragraph 1-3 provides that "[d]isqualification for aviation service [flying status] is an administrative action designed to remove an officer from aviation service for cause. It is not disciplinary action.... A member is disqualified for aviation service when found medically or professionally unqualified to perform aviation service according to this regulation." AFR 35-13, p 1-3.g