Timothy R. McVEIGH, Plaintiff,

v.

William S. COHEN, et al., Defendants.

No. CIV. A. 98–116.

United States District Court, District of Columbia.

March 11, 1998.

Christopher Wolf, Alec W. Farr, Amybeth Garcia–Bokor, Proskauer, Rose, Goetz & Mendelsohn, L.L.P., Washington, DC, for Plaintiffs.

Vincent Morgan Garvey, David Michael Glass, U.S. Department of Justice, Civil Division, Washington, DC, for Defendants.

### MEMORANDUM OPINION

SPORKIN, District Judge.

On March 5, 1998, the Court held a hearing in this case to determine the extent of compliance with this Court's Order entered on January 30, 1998, and on the reasonable

award of attorneys' fees.[1] Plaintiff represented to this Court that Defendants are not in compliance with this Court's Order of January 30, 1998. Under this Court's Order, Defendants were "enjoined from taking any adverse action against Plaintiff, including discharging Plaintiff from the United States Navy or otherwise hindering Plaintiff's Naval Service, on the basis of his alleged sexual orientation so long as Plaintiff is in compliance with 10 U.S.C. § 654 and relevant regulations as interpreted by this Court in its January 26, 1998 opinion." Jan. 30, 1998 Order.

It is uncontested that Plaintiff has continued to be in compliance with 10 U.S.C. § 654. Plaintiff contends that "to date, more than a month after the Court's Order," the Defendants have failed to reinstate him in a position commensurate to that which he held prior to his unlawful discharge. Pl's. March 6, 1998 Memorandum at 1. Plaintiff states that Defendants have, and continue to, "hinder" Plaintiff's Naval Service in violation of the Court's January 30, 1998 Order.

■ In response, Defendants allege that on February 13, 1998, they made available to Plaintiff three alternative positions, or in military terms, "billets," that were commensurate with Plaintiff's "qualifications, his career progression, the Order of the District Court, and the needs of the naval service." Defs'. Ex. A at 1. While Plaintiff contends that none of the three jobs offered are commensurate with his rank, years of service, and skills, Defendants maintain that they are. Moreover, Defendants allege that this dispute with Plaintiff over reinstatement is beyond the purview of this Court. As it concerns an internal military assignment of duty, Defendants rely upon *Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), and contend that the issue of redress in this case is a non-justiciable matter.

This Court finds that the Defendants' position is without merit. *Orloff* does not stand for the proposition that all military assignments of duty are beyond judicial review. Rather, the case stands for a much more narrow proposition that barring a statutory

or constitutional violation, the exercise of military discretion is generally non-justiciable. In *Orloff*, the petitioner had not been given the specialized duties nor the commissioned rank he otherwise would have received as a physician because he failed to avow his loyalty to the United States. The petitioner alleged that he was entitled to such a position by reason of his having been drafted in a specialized category, *i.e.* medical. He stated that if the Army refused to commission him as a medical officer he was entitled to discharge. The Supreme Court declined to grant *habeas corpus* review on the grounds that Orloff was not entitled to the commission he claimed. The Court reasoned that since there had been no violation of petitioner's rights and since he had been lawfully inducted, it was without subject matter jurisdiction to review the Army's otherwise discretionary assignment of duty to him.

The case now before this Court is readily distinguishable from *Orloff* and its progeny as cited by Defendants such as *Wilson v. Walker*, 777 F.2d 427, 428 (8th Cir.1985); *Schlanger v. United States*, 586 F.2d 667, 672 (9th Cir.1978), *cert. denied,* 441 U.S. 943, 99 S.Ct. 2161, 60 L.Ed.2d 1045 (1979). Unlike those cases, the Court found that Defendants in this case had violated Plaintiff's statutory rights under both 10 U.S.C. § 654 and 18 U.S.C. § 2701 *et seq. See* Jan. 26, 1998 Order. Indeed, while this Court was considering the substantive merits of Plaintiff's claim, Defendants at no time raised the issue of justiciability. If Defendants had wished to challenge the authority of this Court to review a military personnel decision, that was the proper time in which to do so. *See Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971).

■ Given the traditional deference accorded to military affairs, courts are required to balance all competing interests in reviewing internal military determinations. *See id.* Where the military has violated a constitutional right, or as in this case, a federal statute, or its own regulations, the military is clearly subject to judicial review. *See, e.g., Shaw v. Gwatney,* 795 F.2d 1351, 1357 (8th

---

1. Because additional information is required from Plaintiff's counsel with regard to the rea-

sonableness of the fees, this matter will be heard again by the Court on March 26, 1998.

Cir.1986) ("Determination of individual rights under military regulations is within the role envisioned for courts in *Mindes*"); *Knehans v. Callaway,* 403 F.Supp. 290, 293 (D.D.C. 1975) ("Courts will not hesitate to review military action allegedly contrary to statute or regulation," citing *Mindes,* 453 F.2d 197)., *aff'd* 566 F.2d 312 (C.A.D.C.1977). The Court was well within its authority to issue the Order it did in this case and has not only the right, but the duty to enforce its compliance.

This Court's exercise of its remedial powers is not meant to suggest that deference should not be afforded to Defendants' actions. Indeed, in the case of *Taylor v. Jones,* 495 F.Supp. 1285, 1292 (E.D.Ark.1980) (Arnold, Cir. J., sitting by designation), the court in a similar set of circumstances granted the appropriate amount of deference all the while exercising its remedial authority. The court found that while reinstatement "is a normal incident of individual relief granted to successful ... plaintiffs," the case was "unusual" because plaintiff was in an active-duty military post. "In deference to the customary leeway given by civilian courts to military authorities," the court did not require that plaintiff be reinstated in the job she previously held. *Id.* Despite its authority to do so, the court stated that it was "loath to intervene in matters of military assignment." *Id.* Nonetheless, the court found that it could well order plaintiff to be given a "comparable" position, one "roughly equivalent in pay, benefits, status, and responsibility" to the post previously held. *Id.* In essence, deference to the military does not deprive courts of their authority to grant equitable relief.

Similarly, while this Court has no intention of making purely personnel decisions for the Navy, it must take steps to ensure that Plaintiff's military service is not adversely affected by the Defendants' misconduct in this case. Accordingly, an evidentiary hearing will be held on March 26, 1998 to determine whether Defendants have complied with this Court's January 30, 1998 Order. An appropriate Order follows.